J-S14010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TIMOTHY MEYERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| LVD ACQUISITIONS, LLC D/B/A | : | |
| OASIS INTERNATIONAL | : | |
| | : | |
| Appellee | : | No. 1740 MDA 2016 |

Appeal from the Order Entered September 23, 2016
In the Court of Common Pleas of Mifflin County
Civil Division at No(s):  CP-44-CV-261-2015

BEFORE:   GANTMAN, P.J., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED MARCH 28, 2017**

Appellant, Timothy Meyers, appeals from the order entered in the Mifflin County Court of Common Pleas, which granted summary judgment in favor of Appellee, LVD Acquisitions, LLC., d/b/a Oasis International.  We affirm.

In its opinion, the trial court correctly set forth the relevant facts of this case.  Therefore, we have no reason to restate them.  We add only the following fact: Appellee is the manufacturer of the water cooler at issue.

Procedurally, on February 17, 2015, Appellant filed a complaint against Appellee, alleging strict liability for a design defect, negligent design and/or maintenance, and breach of the implied warranty of fitness for a particular purpose.  Appellee answered the complaint on April 27, 2015.  On June 6,

_____

*Retired Senior Judge assigned to the Superior Court.

2016, Appellee filed a motion for summary judgment to dismiss all of Appellant's claims. Appellant timely filed a response in opposition to Appellee's summary judgment motion on June 30, 2016. The court held oral arguments for the summary judgment motion on July 14, 2016, and on September 23, 2016, the court entered summary judgment and dismissed all of Appellant's claims. On October 20, 2016, Appellant timely filed a notice of appeal. The court ordered Appellant on October 21, 2016, to file a Rule 1925(b) statement, which Appellant timely filed on November 7, 2016.

Appellant raises three issues for our review:

> DID THE TRIAL COURT [ERR] IN GRANTING APPELLEES'
> MOTION FOR SUMMARY JUDGMENT AS IT RELATES TO
> APPELLANT'S STRICT LIABILITY CLAIM[?]
>
> DID THE TRIAL COURT [ERR] IN GRANTING APPELLEES'
> MOTION FOR SUMMARY JUDGMENT AS IT RELATES TO
> APPELLANT'S NEGLIGENT DESIGN AND/OR
> MAINTENANCE-PRODUCT LIABILITY CLAIM[?]
>
> DID THE TRIAL COURT [ERR] IN GRANTING APPELLEES'
> MOTION FOR SUMMARY JUDGMENT AS IT RELATES TO
> APPELLANT'S BREACH OF IMPLIED WARRANTY OF FITNESS
> FOR A PARTICULAR PURPOSE CLAIM[?]

(Appellant's Brief at 7).

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of Am.*, 908 A.2d 344, 347 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on
> facts and circumstances before the trial court after hearing

and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment:

[W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the

- 3 -

material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

*Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 61 (Pa.Super. 2006)

(internal citations and quotation marks omitted).

Preliminarily, we observe:

In this Commonwealth, the pleadings must define the issues and thus every act or performance essential to that end must be set forth in the complaint. The purpose behind the rules of pleading is to enable parties to ascertain, by utilizing their own professional discretion, the claims and defenses asserted in the case. This purpose would be thwarted if courts, rather than the parties, were burdened with the responsibility of deciphering the causes of action from a pleading of facts which obscurely support the claim.

While it is not necessary that the complaint identify the specific legal theory of the underlying claim, it must apprise the defendant of the claim being asserted and summarize the essential facts to support that claim. If a plaintiff fails to properly plead a separate cause of action, the cause he did not plead is waived.

*Grossman v. Barke*, 868 A.2d 561, 568 (Pa.Super. 2005), *appeal denied*,

585 Pa. 697, 889 A.2d 89 (2005) (internal citation omitted).

With regard to Appellant's strict liability claim:

Strict liability allows a plaintiff to recover where a product in a defective condition unreasonably dangerous to the user or consumer causes harm to the plaintiff. There are three different types of defective conditions that can give rise to a strict liability claim: design defect, manufacturing defect, and failure-to-warn defect. … A product is

defective due to a failure-to-warn where the product was distributed without sufficient warnings to notify the ultimate user of the dangers inherent in the product.

…[A] plaintiff raising a failure-to-warn claim must establish only two things: that the product was sold in a defective condition unreasonably dangerous to the user, and that the defect caused plaintiff's injury. To establish that the product was defective, the plaintiff must show that a warning of a particular danger was either inadequate or altogether lacking, and that this deficiency in warning made the product unreasonably dangerous. For the plaintiff in a failure-to-warn claim to establish the second element, causation, the plaintiff must demonstrate that the user of the product would have avoided the risk had he or she been warned of it by the seller. If the plaintiff fails to establish either of these two elements, the plaintiff is barred from recovery as a matter of law.

*Phillips v. A-Best Products Co.*, 542 Pa. 124, 131, 665 A.2d 1167, 1170-71 (1995) (internal citations and quotation marks omitted).

Instantly, Appellant argues on appeal that Appellee failed to warn him of the risks/dangers of the water cooler, to support Appellant's "design defect" claim. Importantly, Appellant did not allege a failure-to-warn defect in his complaint. Instead, he alleged that the water cooler had a design defect. Appellant first mentioned a failure-to-warn theory on June 30, 2016, in his response to Appellee's motion for summary judgment. Appellant's design defect claim and his failure-to-warn claim are distinct causes of actions. *See id.* Therefore, Appellant waived any failure-to-warn claim because he did not plead it in his complaint.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Aaron L.

Gingrich, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed September 23, 2016 at 2-6) (finding: **(1)** Appellant chose to place water cooler directly on hardwood floor without protecting surface underneath; risk that area surrounding water cooler might get wet is well-known, inherent "risk" of using water cooler; Appellant's claim fails under consumer expectations theory because risk water cooler might leak is knowable to ordinary consumer and is not dangerous beyond reasonable consumer's expectations; under risk-utility test, Appellant's claim requires expert testimony to identify existence of defective condition in water cooler and how that defective condition caused Appellant's damages; Appellant acknowledges he cannot testify as to these technical matters, yet he failed to procure expert witness; rather, Appellant relies on statements of Mr. Neff, who allegedly said he fixed defect in valve, which statements are inadmissible hearsay; functioning of water cooler, advantages and disadvantages of different designs, and availability of alternative designs are technical matters which also require expert testimony; Appellant admits he does not have requisite knowledge concerning relevant risk-utility factors; Appellant cannot maintain claim under risk-utility test because he did not procure expert and cannot produce evidence to satisfy necessary elements of his claim; **(2)** again, Appellant acknowledges that he does not know inner workings of water coolers, so he

requires expert testimony to demonstrate that Appellee negligently designed and/or maintained water cooler; as Appellant cannot explain how Appellee negligently designed or maintained water cooler, his claim cannot go to jury; Appellant's documents appended to his response to summary judgment describing water cooler as "faulty" are unauthenticated hearsay; **(3)** Appellant purchased water cooler for ordinary purpose, and he chose particular water cooler because it was what Berube's had in stock; Berube's did not recommend particular type of water cooler to Appellant; Appellant did not inform Berube's about any particular needs Appellant had when purchasing water cooler). Accordingly, we affirm based on the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017